UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES DARNELL BLACK,<br><br>     Petitioner,<br><br> v.<br><br>WARDEN JAY CHRISTENSEN,<br><br>     Respondent. | Case No. 1:20-cv-00124-DCN<br><br>**INITIAL REVIEW ORDER and<br>ORDER STAYING CASE** |

   Petitioner James Darnell Black has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 2.

   Petitioner was convicted in the Fourth Judicial District Court in Ada County, Idaho, of criminal possession of a financial transaction card. The current judgment of conviction—which was entered following two successful appeals by Petitioner—was entered on February 21, 2019. Petitioner received a five-year prison sentence, which he completed since the filing of the instant action. *Id*. at 1–2.

   Petitioner's direct appeal of the current judgment remains pending in state court. Along with his federal Petition, Petitioner has filed a Motion to Stay this case pending completion of that direct appeal. Dkt. 3.

**1.  Standard of Law**

   A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842

(1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims in at least a petition seeking review before that court. *Id.* at 847.

In *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Court determined that federal district courts have discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court for review of his perfected petition. In determining whether to exercise discretion to grant a stay, a district court should consider whether the petitioner had good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78. Although the *Rhines* case involved a mixed petition (one that includes both exhausted and unexhausted claims), the Ninth Circuit has extended *Rhines* and determined that "a district court may stay a petition that raises *only* unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

## 2.    Discussion

The single claim in the federal Petition—that Petitioner's sentence was disproportionate—is unexhausted. Petitioner has been pursuing relief in the state court system, and there is no indication that Petitioner has intentionally delayed bringing the claim. For the foregoing reasons, the Court finds it appropriate to exercise its discretion to

stay this case until Petitioner's state court proceedings are completed.

While this case is stayed, the Court will administratively terminate it for internal court administration purposes only. Administrative termination does not affect the filing date of the petition, nor does it affect the rights of the parties in any way. Within 28 days after Petitioner's pending state court action is completed, Petitioner must file a motion to reopen this case if he wishes to proceed. At that time, Petitioner may also file an amended petition. Petitioner may not file anything further in this case while awaiting completion of the pending state court action.

## REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner has also requested appointment of counsel. Because the Court will stay this action, there is no need for Petitioner to have counsel in these federal proceedings at this time. Therefore, the Court will presently deny the request for appointment of counsel. Petitioner may renew his request for counsel at a later date.

## ORDER

**IT IS ORDERED:**

1.  Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee within 28 days after entry of this Order.

2.  Petitioner's Motion for Stay (Dkt. 3) is GRANTED, and this case is STAYED pending completion of Petitioner's state court proceedings through the level of the Idaho Supreme Court.

INITIAL REVIEW ORDER and ORDER STAYING CASE - 3

3.     This case is administratively terminated for internal court administration purposes only. **Within 28 days** after Petitioner's pending state court action is completed, Petitioner must move to reopen this case if he wishes to proceed. At that time, Petitioner may also file an amended petition. Petitioner may not file anything further in this case while he is awaiting completion of the pending state court proceedings.

4.     Petitioner's request for appointment of counsel (contained in the Petition) is DENIED. If this case is reopened following the completion of Petitioner's state court proceedings, Petitioner may renew the request for counsel.

DATED: April 15, 2020

David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER and ORDER STAYING CASE - 4